DRURY LAFFOON, Appellant, v. E. O. FRETWELL ET AL., Respondents.

Kansas City Court of Appeals, January 10, 1887.

RES ADJUDICATA—CASE ADJUDGED.—The defendants, in their answer, pleaded the judgment of the Supreme Court of this state, in the case of *Fretwell v. Laffoon*, as *res adjudicata*. *Held*, that such judgment is *res adjudicata* as to all matters therein decided, and as to all other questions which could have been raised by the motion for new trial in said case. *Held*, further, that the judgment, the collection of which is sought to be enjoined, was rendered in compliance with the mandate of the Supreme Court, and its collection cannot be enjoined on any ground that was, or could have been presented to the court in the proceeding in which the mandate was issued. *Philips, P. J.*, dissents.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

The plaintiff, Drury Laffoon, was, on the eighth day of May, 1878, summoned as garnishee in a case by attachment then pending in the circuit court of Cass county, in which the defendant, Fretwell, was plaintiff, and one Ammerman and Daniel Hibler were defendants. On the nineteenth day of July, 1878, Laffoon answered, and on the twenty-third day of July, 1879, judgment was rendered against him upon his answer. On the following day a motion for a new trial was filed and subsequently sustained, and Laffoon filed an amended answer. Fretwell excepted to the action of the court and refused to further prosecute his proceeding, whereupon the court dismissed the same for want of prosecution, and Fretwell sued out his writ of error from the Supreme Court.

The Supreme Court reversed the judgment of the circuit court. *Fretwell v. Laffoon*, 77 Mo. 26. It was decided that the circuit court erred in setting aside the judgment and granting a new trial, and that the judgment on the answer against Laffoon, which had been set aside, was properly rendered. The case was remanded with directions to proceed as indicated in the opinion. The effect of the opinion, as is conceded by counsel for the plaintiff in the present action, was a mandate to the circuit court to render judgment against Laffoon, on his original answer, as garnishee. In obedience to such mandate the circuit court, at its March term, 1883, so rendered judgment for $921.40; and Fretwell sued out execution thereon, and was proceeding to enforce the collection thereof by levy and sale, when restrained by a temporary injunction herein.

Upon a trial of this case the circuit court dismissed the plaintiff's bill, dissolved the temporary injunction and assessed ten per cent. damages against the plaintiff and his sureties. The plaintiff has appealed to this court.

WOOLDRIDGE & DANIEL, with A. COMINGO and EM-MET PHILIPS, for the appellant.

I. Courts of equity will generally relieve against judgments when rendered under mistake, surprise or fraud. Fraud *in law* is sufficient. *Dobbs v. Ins. Co.*, 72 Mo. 189; *Sauer v. Kansas City*, 69 Mo. 46; *Bresnahan v. Price*, 57 Mo. 422; *Davis v. Staples*, 45 Mo. 567; *Perry v. Siter*, 37 Mo. 273; *Matson v. Field*, 10 Mo. 100; *Lawrence v. Bank*, 54 N. Y. 432; *Thompson v. Tilton*, 34 N. J. Eq. 306; *Wingate v. Haywood*, 40 N. H. 437; *Barber v. Buckeyeser*, 39 Wis. 590; *Stanton v. Embry*, 46 Conn. 65, 595; 2 Story's Eq. Juris. (4 Ed.) sects. 885, 887; 1 High on Injunction, sects. 209, 210.

II. It is only requisite for plaintiff to show that he had a good defence, and was prevented by fraud, accident or mistake from presenting it. *Taggart v. Wood*,

20 Iowa, 236 ; *Freeman v. Miller*, 53 Texas, 372 ; 1 High on Injunction, sects. 113, 126.   Relief in equity is not barred, unless plaintiff had a full and fair opportunity to be heard in his defence. 1 High on Injunction, sects. 179, 200 ; *Dobbs v. Ins. Co.*, 72 Mo. 189 ; *Thompson v. Tilton*, 34 N. J. Eq. 306.

III.   The frauds that vitiate a judgment and warrant the granting of relief in equity, need not be *actual,* or *intentional.*   It is sufficient if they are *legal* or *constructive.*   *Curren v. Esty*, 110 Mass. 544 ; 1 High on Injunctions, sects. 202, 203 ; 1 Story's Eq. Juris. sects. 218, 219, 258, 259, 307, 313 ; 2 Story's Eq. Juris. sect. 887.   Equity will not tolerate fraud, either actual or constructive.   *Todd v. Wheeler*, 1 Dana, 403 ; *Powers, Ex'r, v. Butler, Adm'r*, 3 Green's Eq. 465.

IV.   Mistakes and forgetfulness do not constitute negligence.   *Lyle v. Shinnebarger*, 17 Mo. App. 66 ; *Fraker v. Little*, 24 Kas. 598 ; *Lewellen v. Garnett*, 58 Ind. 442.   The alleged mistake was not mutual, it is true, but its correction will leave the defendants *in statu quo.*   *Matthews v. Kansas City*, 80 Mo. 235.

V.   The statutes of this state, and the decisions, forbade the rendition of judgment on the answer of the garnishee (the plaintiff in this action), without the framing of an issue thereon.   Sects. 2532, 2536, Rev. Stat.; *McCanse v. McClure*, 38 Mo. 410 ; *Weil v. Tyler*, 38 Mo. 558 ; *Holton v. Railroad,* 50 Mo. 151 ; *Bell v. Strow,* 59 Mo. 118.

VI.   The discretion of the lower court in granting a new trial cannot be reviewed except on application by *mandamus.*   Sect. 23, article 6, Const. Mo.; Sects. 3672, 3710, 3743, Rev. Stat.; Freeman on Judgments, sects. 118, 120 ; *Hill v. Wilkins*, 4 Mo. 86 ; *Helm v. Bassett*, 9 Mo. 52 ; *Pratt v. Judge*, 12 Mo. 194 ; *Boyce v. Smith*, 16 Mo. 317 ; *Keating v. Bradford*, 25 Mo. 86 ; *Leahey v. Dugdale*, 41 Mo. 518 ; *Simpson v. Blunt*, 42 Mo. 544 ; *State ex rel. v. Adams*, 12 Mo. App. 443 ; *State ex rel., etc., v. Horner*, 10 Mo. App. 307.

R. O. BOGGESS, ALLEN GLENN, and RAILEY & BUR-
NEY, for the respondents.

I. "Courts of equity originally interfered to grant
relief against judgments at law, on account of the im-
possibility of obtaining relief at law by new trial, when,
under the circumstances, the verdict ought not to con-
clude the party. As the courts of law have extended
their jurisdiction over the subject, courts of equity have
withdrawn theirs from it. It is now the settled doctrine
of the English courts of chancery not to relieve against a
judgment at law on the ground of its being contrary to
equity, unless the party aggrieved was ignorant of the
fact relied on as the ground of relief pending the suit, or
it could not have been received as a defence." *Powers'
Ex'r v. Butler's Adm'r*, 4 N. J. Eq., 3 Green Ch.
465; 3 Pomeroy's Eq. Jurisp., sects. 1364, 1365, and
cases cited; *Bateman v. Willoe*, 1 Sch. and Lef. 201;
*Smith v. Lowry*, 1 Johns. Ch. 323; *Fuller v. Little*, 69
Ill. 237; *Burton v. Hynson*, 14 Ark. 32; *Lynne v. Allen*,
51 N. H. 245.

II. All the facts set forth in plaintiff's bill were
known to him at the time, and either were or could have
been pleaded in the motion for a new trial in the case of
*Fretwell v. Laffoon*, garnishee of Daniel Hibler. The
statute of this state (sect. 3704, Rev. Stat.) has *in cases
like the one* at bar, entirely abrogated the chancery pro-
ceeding, which formerly obtained. A court of equity
will not interfere by injunction to restrain a judgment at
law for causes, which, on a motion for new trial at law,
had been held insufficient. *Watson v. Field*, 10 Mo.
100; *Reed's Adm'r v. Hansard*, 37 Mo. 199; 1 High on
Injunction, sect. 166; 3 Pomeroy's Eq. Jurisp., sect.
1364, 1365; *Gengo v. Tutt*, 36 Mo. 141; *Heintrager
v. Lumbargo*, 54 Iowa, 604; *Lynne v. Allen*, 51 N. H.
245.

III. Where defendant has been personally served
with process, he cannot enjoin the judgment against him,

unless he shows not only that it is inequitable to exe-
cute such judgment against him, *but also that he could
not have availed himself of his defence at law; or, that
he was prevented by fraud or accident*, without any
fault or negligence on his part. *Matson v. Field &
Cathcart*, 10 Mo. 100; *George v. Tutt et al.*, 36 Mo. 140;
*Reed's Adm'r v. Hansard*, 37 Mo. 199, *et seq.; Miller
et al. v. Bernecker*, 46 Mo. 194; *Marsh's Adm'r v. Bast*,
41 Mo. 493; *Carolus v. Koch*, 72 Mo. 645; *Shelbina Ho-
tel Association v. Parker*, 58 Mo. 327; *Kelley v. Hurt*,
74 Mo. 568, 571; *Smith v. Sims*, 77 Mo. 273; *Shricker v.
Field et al.*, 9 Iowa, 366, 371; *Vilas v. Jones*, 1 N. Y.
274; *Stillwell v. Carpenter et al.*, 59 N. Y. 415, 422-3-4;
*Duncan v. Lyon*, 3 Johns. Ch. 345, 351; *Foster v.
Wood*, 6 Johns. Ch. 87; *Floyd v. Jayne*, 6 Johns. Ch.
479; *Railroad v. Titus et al.*, 27 N. J. Eq. 102, 106, 109,
110; *Holmes v. Steele*, 28 N. J. Eq. 173; *Ins. Co. v.
Hoagson*, 7 Cranch (U. S.) 332; *Moore v. McGaha*, 3
Tenn. Ch. 416, 417, 420; *Fuller v. Little*, 69 Ill. 229;
*Kann v. Strausberger*, 71 Ill. 413; *Higgins v. Bullock*,
73 Ill. 205, and cases cited; *Richmond Eng. Co. v.
Robinson*, 24 Gratt. (Va.) 548; *Paynter v. Evans*, 7 B.
Monroe, 420; *Emerson v. Udall*, 13 Vt. 477; *Fletcher v.
Warren*, 18 Vt. 45; *Warner v. Conant*, 24 Vt. 351;
*Graham v. Stagg*, 2 Paige Ch. 321; *Bierne v. Mann*, 5
Leigh (Va.) 364; *Meem v. Rucker*, 10 Gratt. (Va.) 506;
*Bellamy v. Woodson*, 4 Ga. 175; *Conway v. Ellison*, 14
Ark. 360; *Noble v. Butler*, 25 Kas. 645-9; *Henry v.
The Bank of Salina*, 5 Hill, 523; *Slack v. Wood*, 9
Gratt. (Va.) 40, and cases cited; *McLeod v. Lee*, 17 Nev.
112; *Wolfinger, Adm'r, v. Betz et al.*, 24 N. W. Rep.
(Iowa) 228; 2 Story's Eq. Jurisp., sects. 887, 895, 896,
1572, and cases cited.

IV.   When a matter is finally determined in an ac-
tion between the same parties by a competent tribunal,
it is to be considered at an end, not only as to what was
determined, but also as to every other question which
the parties might have litigated in the case. *Petersine*

*v. Thomas,* 28 O. St. 596, 600, 601 ; *Shepardson v.. Cary,* 29 Wis. 34 ; *Phelan v. Gardiner,* 43 Cal. 306 ; *Bates v. Spooner,* 45 Ind. 409 ; *McLeod v. Lee,* 17 Nev. 112 ; *Thompson v. Myrick,* 24 Minn. 9, 11 ; *Harris v. Harris,* 36 Barb. 93, 94, 95 ; *Neil v. Tolman,* (Oregon) 7 Pac. Rep. 103, 106, *et seq.; Jordan v. Van Epps,* 85 N. Y. 427, 436 ; *Clemens v. Clemens,* 37 N. Y. 73, 74; *Railroad v. Levi,* 17 Mo. App. 501, 507, 508, and cases cited ; *Smith v. Nelson,* 62 N. Y. 286, 288.

V. The judgment of the Supreme Court having been pleaded by defendants in their answer is *res adjudicata* as to all matters therein decided, and as to all other questions which could have been raised under the motion for a new trial in said cause. See *Fretwell v. Laffoon,* 77 Mo. 26, *et seq.; Chouteau v. Gibson,* 76 Mo. 38, 44, 45, 46, 49, 50, 51 ; *The State ex rel. Dixon v. Givan,* 75 Mo. 516 ; *Chouteau v. Allen,* 74 Mo. 56 ; *Pomeroy v. Benton,* 77 Mo. 79, 80, *et seq.; Shroyer v. Nickell,* 67 Mo. 589 ; *Armstrong v. The City of St. Louis,* 69 Mo. 310 ; *Gamble v. Gibson,* 19 Mo. App. 531 ; Broom's Legal Maxims, sect. 321. "*Nemo debet bis vexari pro una et eadem causa.*"

HALL, J.—The defendants pleaded the judgment of the Supreme Court, in the case of *Fretwell v. Laffoon,* in their answers as *res adjudicata.* Such judgment is *res adjudicata* as to all matters therein decided and as to all other questions which could have been raised by the motion for new trial in said case. *Pomeroy v. Benton,* 77 Mo. 79 ; *Chouteau v. Gibson,* 76 Mo. 38. The grounds set forth in the motion for a new trial in that case are also alleged in the petition in this case. It is true, however, that in the petition in this case it is averred that the original answer of Laffoon, as garnishee, was prepared for him by one of Fretwell's attorneys, whereas, in the motion for a new trial in that case there was no such averment. But such fact could have been alleged in said motion as a reason in support thereof,

and every fact set out in the petition in this case as a ground of relief, that was not averred in the motion for a new trial in that case, could have been so averred. We must, therefore, hold that the judgment of the Supreme Court is *res adjudicata* as to all the questions in this case. The judgment, the collection of which is sought to be enjoined, was rendered in compliance with a mandate of the Supreme Court, and its collection cannot be enjoined on any ground or for any reason that was or could have been presented to the court in the proceeding in which the mandate was issued.

Judgment is affirmed. Ellison, J., concurs; Philips, P. J., dissents.